

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2042
Re: Act of the Congress ceding
land to Texas -- Acceptance
by the State.

We are in receipt of your letter of February 28,
1940, requesting an opinion from this department with
respect to the above subject matter, which letter is in
full as follows:

"On February 23, 1940, I received from the
Honorable Cordell Hull, Secretary of State,
a certified photostatic copy of the follow-
ing Act passed by the Seventy-Sixth Con-
gress of the United States of America in
the Third Session. 'Be it enacted by the
Senate and House of Representatives of the
United States of America in Congress assem-
bled, That upon the acceptance of this Act
by the State of Texas all of the parcels
or tracts of land lying adjacent to the
territory of the State of Texas, which
were acquired by the Government of the
United States of America by virtue of the
convention between the United States of
America and the United Mexican States
signed February 1, 1933, shall be and be-
come a geographical part of the State of
Texas and shall be under the civil and
criminal jurisdiction of the said State,
without affecting the ownership of the
said lands.'

"I desire to call your attention to that
portion of the Act which reads: 'That

upon the acceptance of this Act by the
State of Texas'. Will you please in-
form me who is authorized under the
law to accept this Act on behalf of the
State of Texas?"

All voluntary acts of the State, whether of
disposition or otherwise, affecting State-owned pro-
perty are in their nature legislative and not judicial
or executive. This principle of government determines
the policy of the State, evidenced by the many enact-
ments concerning public lands in the matter of sales,
leases and the like. Thus, patents for land eminating
from the State are required to be issued in the name
and by the authority of the State under the seal of
the State and of the Land Office, signed by the Governor
and counter-signed by the Commissioner. (Rev. Civ. Stat.
Art. 5413)  Forfeitures of sales of land for non-pay-
ment of interest are authorized to be entered by the
Commissioner of the General Land Office and reinstate-
ments are likewise provided for by Article 5326.
Leases and forfeitures of such leases of land are like-
wise provided by statutes. (Articles 5331 to 5336)

These acts merely serve the purpose of desig-
nating on behalf of the State the individual or individ-
uals who act for the State in carrying out the State's
declared policies, but the control itself is that of
the State through the Legislature.

No precise case in point has come to our at-
tention, the nearest approach being in the matter of
the donation made by Archer M. Huntington to the Re-
gents of the University of Texas in trust for certain
State purposes, of date October 7, 1927.  It seems
that this donation was evidenced by a deed duly exe-
cuted and placed of record upon the deed records of
Galveston County, wherein the lands were situated.
Thereupon, by simple resolution No. 51, found at p.
304 of Senate journal of the regular session of the
41st Legislature (1929) a resolution of thanks was
tendered to the donor.

Upon the considerations here expressed you
are respectfully advised it is the opinion of this
department that the Legislature of Texas is the con-
stituted governmental agent of the State, by appro-

priate act to accept the lands ceded by the Congress to the State of Texas for the limited purposes enumerated. This it may do, either upon its own initiative or upon the recommendation of the Governor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED MAR 15, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN